JAKE TAYLOR, SR. v. CLARETHA VICK ET AL

5-5624                                            473 S.W. 2d 902

Substitute opinion delivered December 6, 1971
[Rehearing denied January 10, 1972.]

*Carneal Warfield,* for appellant.

*Odell Carter* and *Marion S. Gill,* for appellees.

GEORGE ROSE SMITH, Justice. Annie Taylor, the appellant's wife, died testate, leaving three pieces of real property. A 30-acre tract and the decedent's half interest in a 120-acre tract were specifically devised to the appellant for life, with remainder to the appellees, the testatrix's son and niece. The third tract, comprising seven city lots of apparently modest value, was not specifically devised but passed to the appellee Claretha Vick as residuary devisee.

The main issue here is one of contribution. The appellant, as administrator of the estate, collected rents amounting to about $2,000. That money was used to pay taxes on the lands and to pay a U. S. Government claim for the refund of $1,572.60 erroneously paid to the testatrix as Social Security benefits. In the probate court

the appellant admitted his liability, as life tenant, for the taxes upon the first two tracts, but he sought contribution from the appellees for the other payments, on the theory that the Probate Code provides for contribution in a situation like this one, where property specifically devised is used for the payment of claims. This appeal is from an order denying the claim for contribution.

We think the appellant's position to be correct. We are not here concerned either with what the rule was before the enactment of the Probate Code or with what the rule might be under that Code in cases of intestacy. We must accordingly reject the appellees' arguments, for the Probate Code sets forth a new rule with respect to contribution in cases where the decedent left a will.

The Code provides that the shares of the distributees shall abate, for the payment of claims, in the following order: (1) Property not disposed of by the will; (2) property devised to the residuary devisee; (3) [not pertinent here]; (4) property specifically devised. Ark. Stat. Ann. § 62-2903 (Supp. 1969). The Code then provides for contribution as a method of putting the specified order of abatement into effect, where that order was not followed in the payment of claims. Section 62-2904.

Here there were three devises: A specific devise of a life estate to the appellant, a specific devise of remainders to the appellees, and a residuary devise of the city lots to Claretha Vick. The rents collected by the administrator actually constituted part of the appellant's life estate. Therefore, since that property, specifically devised, was used in the payment of claims, the appellant is entitled to demand that the residuary devise be first completely abated and that the recipients of the other specific devises be required to contribute "according to their respective interests," in the language of the statute. The cause will be remanded for a determination of the amounts to be contributed.

Secondarily, the appellant asks that he and his attorney be allowed fees for their services. The allowance

of such fees, however, is discretionary, and in the absence of any testimony touching upon the services of either the administrator or his attorney, we cannot say that the probate court erred.

Affirmed in part; reversed in part.